UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAMONT G. CRYMES,                          No. 20-cv-7239 (NLH) (KMW)

        Plaintiff,

    v.                                        OPINION

JUDGE PATRICIA M. WILD,

        Defendant.

APPEARANCE:

Lamont G. Crymes
01-276813
Atlantic County Justice Facility
Compound B
5060 Atlantic Ave.
Mays Landing, NJ 08314

        Plaintiff Pro se

HILLMAN, District Judge

        Plaintiff Lamont G. Crymes, presently incarcerated in the

Atlantic County Jail in Mays Landing, New Jersey, seeks to bring

a complaint pursuant to 42 U.S.C. § 1983 against New Jersey

Superior Court Judge Patricia Wild.  See ECF No. 1.  He also

moves for the appointment of pro bono counsel.  ECF No. 2.

        At this time, the Court must review the complaint, pursuant

to 28 U.S.C. § 1915(e)(2) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks

monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the complaint will be dismissed with prejudice.  The motion for counsel will be denied.

I.    BACKGROUND

According to the complaint, Plaintiff was to be released on the HEDS[1] program on an order noting he "was completing a 90 day sentence out of Egg Harbor Twp, NJ expiring June 04, 2019."  ECF No. 1 at 9.  Plaintiff states that an officer for the HEDS programs "brought over to the jail the release order of [Judge] Wild, plus Camden issue municipal.  Plus complainant was indicted #19-10-2062-B for violating a judicial restraining order of Judge Wild."  Id.

Plaintiff asked another judge, Judge Neimah, "to stay the remainder of the 90 days, as part of his release from Judge Wild was to get medical treatment for prostate issue, to get said treatment . . . ."  Id.  The judge "clearly told complainant that Judge Wild told him I was not released, she did not release me as I did not qualify for the HEDS program."  Id.  Plaintiff informed Judge Neimah that Judge Wild had issued an order for

---

[1] "'HEDS' refers to the county's 'Home Electronic Detention System,' which has been described to us as a home detention program, where the defendant wears an electronic device to monitor his or her location."  State v. Harris, 106 A.3d 1265, 1268 n.2 (N.J. Super. Ct. App. Div. 2015).

his release, but Judge Neimah indicated Judge Wild had informed him that Plaintiff was not eligible for release.  Id. According to Plaintiff, an officer checked the computer records and confirmed Plaintiff was "released by Judge Wild as of April 21, 2019."  Id.  Judge Neimah did not release Plaintiff because even if Judge Neimah released Plaintiff, "you still can't go nowhere as she said your [sic] not released."  Id.

Plaintiff appeared before Judge Wild in January 2020 on a hearing for the violation of a judicial order.  Id.  "Judge Wild said on the record, I remember this we helped him go home. . . ."  Id.  Plaintiff alleges Judge Wild denied him due process. Id. at 4.  He seeks unspecified punitive and compensatory damages.  Id. at 6.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive <u>sua</u> <u>sponte</u> screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

III. <u>DISCUSSION</u>

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'"  <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 440 (3d Cir. 2000) (quoting <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991)).  "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority."  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978).  <u>See</u> <u>also</u> <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial.").  As a judge of the New Jersey Superior Court,

Judge Wild "is absolutely immune from liability for [her] judicial acts even if [her] exercise of authority is flawed by the commission of grave procedural errors." Stump, 435 U.S. at 359.

"[Judicial] immunity is overcome in only two sets of circumstances." Mireles, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity." Id. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 12.

Plaintiff's claim against Judge Wild rests on an alleged misrepresentation of her order to Judge Neimah. In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in [her] judicial capacity." Stump, 435 U.S. at 362. Issuing an order for a detainee's release and interpreting that order for another judge is within the judicial function. Both Judge Neimah and Plaintiff interacted with Judge Wild in her judicial capacity as opposed to her administrative capacity. See Karoly v. Lehigh Cty. Sheriff's Dep't, No. 86-6396, 1988 WL 85743, at *5 (E.D. Pa. Aug. 17, 1988) (holding officers "usurp[ed] the quintessential function of a true judicial officer" when they

interpreted court order for service to permit search of premises); cf. Forrester v. White, 484 U.S. 219 (1988) (holding absolute immunity inapplicable for administrative acts of demoting and discharging probation officer). Additionally, Judge Wild was acting within her jurisdiction as a Superior Court Judge, so neither exception to absolute judicial immunity applies.

Plaintiff also moves for the appointment of counsel. ECF No. 2. Appointment of counsel is a privilege, not a statutory or constitutional right, Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). "As a threshold matter, the indigent plaintiff's case must have some arguable merit in fact and law." Cuevas v. United States, 422 F. App'x 142, 144 (3d Cir. 2011).

The Court will dismiss the complaint as Judge Wild is immune from suit. Therefore, the motion for counsel will be denied.

IV. CONCLUSION

For the reasons above, the complaint will be dismissed with prejudice as Judge Wild is immune from suit. The motion for counsel will be denied. An appropriate order follows.

Dated: _December 29, 2020          ____s/ Noel L. Hillman ____
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.